## VELASQUEZ v. INTERNATIONAL–GREAT NORTHERN RY. CO.

### No. 8564.

Court of Civil Appeals of Texas. San Antonio. March 11, 1931.

Rehearing Denied April 1, 1931.

G. Woodson Morris and Harry B. Berry, both of San Antonio, for appellant.

F. C. Davis, Eskridge & Groce, and Andrews, Streetman, Logue & Mobley, all of San Antonio, for appellee.

SMITH, J.

This was an action for damages for personal injuries sustained by appellant while an employee of appellee. The case was submitted to a jury upon special issues. In their answers the jury acquitted appellee of negligence, found that appellant was injured as a result of an "unforeseen unavoidable accident," and that he was damaged in the sum of $500 on account of his injuries.

It is contended by appellant that the pleadings and evidence raised the issue of whether appellee negligently furnished a "dangerous method and means" of doing the work appellant was engaged in on the occasion of his injury. It is further contended that appellant submitted this issue in writing to the trial court requesting its submission to the jury, and that the court refused the request, that this written request was lost from the papers in the case, and that the court refused appellant's subsequent motion to substitute the lost paper with a copy thereof tendered by appellant with said motion.

■ In his first proposition, appellant complains of the refusal of the court to grant the motion to substitute the requested special issue alleged to have been lost, so that the same may appear of record. This proposition is predicated upon a bill of exception, to which is appended a qualification thereof by the trial judge. This qualification embraces a direct and positive finding by the trial judge that appellant did not at any time present for his approval any written request for the submission of said issue. This finding is conclusive upon this court, as a matter of course. Consequently, there having been no written requested instruction or issue, there was nothing to substitute, and the trial court properly overruled the motion to that end.

■ Appellant contends in this second proposition that the pleadings and evidence raised the issue mentioned above, and that therefore "he was, after requesting such charge, entitled to have such issue placed in their hands for their determination of this issue. The trial court's refusal to include this issue was reversible error." This proposition is sound, in the abstract, assuming the facts stated therein to be true, but is untenable in the face of this record. It is provided by statute that, "when the court submits a case upon special issues, he shall submit all the issues made by the pleading. Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding. * * *" Article 2190. As the special issue was not requested in writing by appellant, he cannot, under the plain provisions of the statute, effectually complain on appeal because of the resulting failure of submission.

■ It is shown in the bill of exceptions that appellant's counsel orally urged upon the court that the issue should be submitted. But this is not sufficient, under the statute, as a basis of appeal. The request must be reduced to writing, must be presented to opposing counsel for written objections, and presented in this form to the trial judge, who shall indorse his ruling thereon, in writing, and authenticate the document by his signature thereon. Articles 2186, 2188, R. S. 1925.

■ The cause was submitted to the jury on May 14. The bill of exceptions showing the foregoing transaction was dated September 23 following. In his qualification of the bill, the trial judge stated, incidentally, that, if the special issue in question had in fact been requested in writing at the time of the trial, he would have refused it. Appellant urges that this statement of the trial judge, made incidentally, more than four months after the case was disposed of, has the effect of relieving appellant of the duty of putting his request in writing at the time and in the manner prescribed by law. We overrule this contention for obvious reasons.

■ Appellant urges that the finding of the jury that he was damaged in the sum of $500 on account of the accident is inconsistent with the findings that appellee was not guilty of negligence in the matter. We overrule this contention, presented in appellant's third proposition. Those findings present no conflict.

■ In his fourth and last proposition appellant urges reversal upon the ground of newly discovered evidence. No effort was made in the motion for new trial to show that appellant used any diligence to secure the proffered evidence at the trial. Such showing was essential as a basis for new trial, no matter how important the testimony was—a question not necessary to decide or discuss here.

The judgment is affirmed.